**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRENDA HILLMANN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v.  ) | No. 4:23-cv-00830-SEP |
| ) | |
| GREE USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint to Add Punitive Damages, Doc. [39]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

Kenneth and Phyllis Zerr died in a fire at their home on November 10, 2022. Doc. [10] ¶ 1. Their children, Plaintiffs Brenda Hillmann, Andrew Zerr, and Loretta Ament, sued Defendants under Mo. Rev. Stat. § 537.080, Missouri's wrongful death statute. *Id*. ¶ 5. Plaintiffs allege that the fire was caused by a defective dehumidifier that Defendants designed, manufactured, exported, and sold. *Id*. ¶¶ 33-41. They claim that Defendants knew the dehumidifier was dangerous but delayed recalling it for six to nine months to minimize costs and reputational damage. *Id*. ¶¶ 71-89

Plaintiffs filed this case in state court and Defendants removed it to this Court under 28 U.S.C. § 1441. *See* Doc. [1]. Because Missouri law does not allow a plaintiff to claim punitive damages in an initial pleading, Plaintiffs now move to amend the Complaint to add punitive damages. *See* Mo. Rev. Stat. § 510.261(5). After reviewing the briefing, the Court ordered supplemental briefing on whether Federal Rule of Civil Procedure 15 or Mo. Rev. Stat. § 510.261 sets the standard for amendment and asked the parties to apply Rule 15's standard to Plaintiffs' amendment. Doc. [62]. The parties—and the Court—now agree that Rule 15 sets the standard of review for Plaintiffs' proposed amendment. *See* Docs. [67], [68].

### LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) authorizes a party to amend its pleading "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A court may deny a party leave to amend for reasons "such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

### I. Federal Rule of Civil Procedure 15 sets the standard of review for Plaintiffs' motion.

The issue before the Court is whether Plaintiffs may amend the Complaint to add punitive damages. Both parties initially pointed to Mo. Rev. Stat. § 510.261 as the standard for when a plaintiff may amend a complaint to add punitive damages. But § 510.261 sets a different standard than Federal Rule of Civil Procedure 15. Rule 15 provides that a pleading can be amended with "the court's leave," and instructs courts to "freely give leave when justice so requires." So which rule applies? This Court has applied the Supreme Court's test from *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393, 398-99 (2010), to answer that question. *See, e.g.*, *Kilburn v. Autosport Acquisitions, LLC*, 2021 WL 307550, at *2 (E.D. Mo. Jan. 29, 2021). "A federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." *Abbas v. Foreign Pol'y Grp., LLC*, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (alteration in original) (quoting *Shady Grove*, 559 U.S. at 398-99 (majority opinion)).

Under that test, Federal Rule of Civil Procedure 15—not Mo. Rev. Stat. § 510.261—governs the question before the Court. Rule 15 and § 510.261 answer the same question: When can a plaintiff amend the complaint to add a punitive damages claim? And Rule 15 does not violate the Rules Enabling Act. "Under the Rules Enabling Act, the Federal Rules of Civil Procedure 'shall not abridge, enlarge or modify any substantive right.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 512 n.4 (8th Cir. 2015) (quoting 28 U.S.C. § 2072(b)). The test is whether "a rule really regulates procedure,—the judicial process for enforcing rights and duties recognized by substantive law." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941). In *Shady Grove*, the Supreme Court held that Federal Rule of Civil Procedure 23's standards for bringing a class action did not violate the Rules Enabling Act. *See* 559 U.S. at 399. The Court also "indicated in *Shady Grove*" that "pleading standards and rules governing motions for summary judgment are procedural." *Abbas*, 783 F.3d at 1337 (citing *Shady Grove*, 559 U.S. at

2

404 (plurality opinion)). Under *Shady Grove*, then, Rule 15's standard for amending a pleading is procedural and does not violate the Rules Enabling Act.

That conclusion is consistent with the decisions of other courts within the Eighth Circuit. "Although the Eighth Circuit has not addressed the question of whether § 510.261(5) applies in federal court proceedings, federal district courts in Missouri have consistently held that it does not." *Bextermueller News Distribs. v. Lee Enters., Inc.*, 2023 WL 2187465, at *7 (E.D. Mo. Feb. 23, 2023) (collecting cases). Those decisions applied Federal Rule of Civil Procedure 8, which allows an initial pleading to include a claim for punitive damages, instead of Mo. Rev. Stat. § 510.261, which prohibits it. *See Gaydos v. Gully Trans., Inc.*, 2021 WL 4963523, at *3 (E.D. Mo. Oct. 26, 2021) ("[T]he pleading requirements in this case are governed by Federal Rule of Civil Procedure 8 and not by Mo. Rev. Stat. § 510.261(5)."). No federal court has directly considered whether Rule 15's standard for amending a complaint also applies instead of Mo. Rev. Stat. § 510.261. But like Missouri, Minnesota has a statute that sets a different standard for amending a complaint to add punitive damages. *See* Minn. Stat. § 549.191. And the "large majority" of federal courts in Minnesota "now apply Rule 15 instead of Minn. Stat. § 549.191 when considering motions to add punitive damage claims." *Dolphin Kickboxing Co. v. Franchoice, Inc.*, 335 F.R.D. 393, 398 (D. Minn. 2020).

## II.     **Justice requires that Plaintiffs be given leave to amend the Complaint.**

Under Federal Rule of Civil Procedure 15's liberal standard, Plaintiffs may amend the Complaint. Plaintiffs filed their initial pleading in state court where they could not include a claim for punitive damages. Now that the case is in federal court, justice requires that they be given a chance to seek them. The motion for leave to amend was also filed well before the May 31, 2024, deadline in the Case Management Order. Doc. [28]. Notwithstanding the deadline in the Case Management Order—a deadline Defendants agreed to in the Joint Proposed Scheduling Plan,[1] *see* Doc. [24]—Defendants argue that Plaintiffs' proposed amendment is unduly delayed and will cause substantial prejudice. Those arguments are not persuasive.

Defendants are correct that Plaintiffs waited six months after removal to amend the Complaint, but there are reasonable explanations for the delay. The case was removed to this

---

[1] The parties proposed a June 1, 2024, deadline for amendment of the pleading. *See* Doc. [24] at 2. June 1, 2024, is a Saturday, so the Court adjusted the deadline to Friday, May 31, 2024, at the Rule 16 Scheduling Conference.

Court in June of 2023, but the Rule 16 Conference was not held until September 12, 2023. *See* Doc. [25]. Plaintiffs also thought, albeit mistakenly, that their motion had to be "supported by affidavits, exhibits, or discovery materials establishing a reasonable basis for recovery of punitive damages." Mo. Rev. Stat. § 510.261(5). It makes sense that Plaintiffs needed time and formal discovery to collect enough support for the Court to "conclude[] . . . that based on the evidence to be admitted at trial a trier of fact could reasonably conclude, based on clear and convincing evidence, that the standards for a punitive damage award" were satisfied. *Id*. Accordingly, Plaintiffs' delay in moving for leave to amend the Complaint was not undue.

Defendants' claims of substantial prejudice are also unavailing. Defendants argue that they will "have to bear the cost of Plaintiffs abruptly widening the scope of the litigation midstream," which will make it "much more difficult for Defendants to defend this claim at deposition and trial" and will "significantly enlarge the cost of written discovery." Doc. [68] at 4. Those arguments are overstated. This case is still in the early stages, and discovery does not close until August 2, 2024. The argument also relies on the claim that Plaintiffs' delay was undue, which the Court has rejected. Because the delay was not undue, the fact that Defendants will now have to defend against a punitive damages claim may be prejudicial, but not unfairly so.

Defendants' cited authorities are inapposite. In *Heraeus Medical GmbH v. Esschem, Inc.*, the plaintiff "moved for leave to amend over two years after filing the complaint, and about a month before the scheduled conclusion of discovery." 321 F.R.D. 215, 218 (E.D. Pa. 2017). *Heraeus* also involved an amendment to add a new party, not a claim for punitive damages for claims that have existed since the start of litigation. *See id.* at 217. In *Perez v. Escobar Construction, Inc*., the court allowed amendment even though the motion came almost one year and nine months after the initial deadline for amendment of the pleadings. 342 F.R.D. 378, 381 (S.D.N.Y. 2022). And in *Doe v. Cassel*, the only binding case, the Eighth Circuit upheld the district court's denial of the plaintiff's fourth motion to amend after already having dismissed the second and third amended complaints. 403 F.3d 986, 988 (8th Cir. 2005).

Defendants have not shown undue delay or sufficient prejudice to justify denying Plaintiffs' proposed amendment. And they do not allege Plaintiffs are acting in bad faith or that the amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Justice requires that Plaintiffs be given leave to amend the Complaint to add punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint to Add Punitive Damages, Doc. [39], is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a clean copy of the Amended Complaint.

Dated this 26th day of February, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE