# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMANN, ANDREW ZERR, LORETTA AMENT, AND LORETTA AMENT, AS PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF KENNETH ANTHONY ZERR, ) ) ) ) ) ) ) | Case No.: 4:23-CV-00830-SEP |
| ) | |
| Plaintiffs, ) | JURY TRIAL DEMANDED |
| ) | |
| vs. ) | |
| ) | |
| GREE USA, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR A PROTECTIVE ORDER QUASHING PLAINTIFFS' MAY 7 AND 8, 2024 30(B)(6) NOTICES

**COME NOW** Defendants Gree USA, Inc., Gree Electric Appliances Inc. of Zhuhai, Hong Kong Electric Appliances Sales, Ltd., MJC America Ltd., MJC America Holdings Co., Ltd. (collectively, "Defendants") and for their Motion for a Protective Order state:

1.   Notwithstanding extensive written discovery and nearly 20 hours of depositions of two Zhuhai representatives and Gree USA's sole employee, CEO, CFO, and Director as a fact witness, Plaintiffs have propounded two more 30(b)(6) notices to Gree Hong Kong and Gree USA with 81 deposition topics essentially identical to the 74 upon which Zhuhai was already questioned.

2.   Gree USA is completely nonoperational and, like Gree Hong Kong, is completely owned and controlled by Zhuhai. Moreover, consistent with Zhuhai's status as parent company of the Gree entities, the scope of the prior deposition notices made clear that Zhuhai was questioned on behalf of all of the Gree entities. Further, a multitude of the prior topics specifically addressed USA and Hong Kong and none of the "new" topics fall outside of the scope of their predecessors.

1

3.    Accordingly, on April 24, 2024, Defendants served a good faith letter explaining Defendants' objections to the deposition notices. In a continued effort to resolve the instant discovery dispute without court intervention, Defendants conducted a telephonic meet and confer with Plaintiffs' counsel on April 24, 2024 to no avail.

4.    It is incontrovertible that the deposition notices of Gree Hong Kong and Gree USA are unnecessarily cumulative, duplicative, and disproportionate to the needs of the case and are designed to annoy, harass, embarrass, oppress, and unduly burden Defendants, in contravention of Fed. R. Civ. P. 26.

**WHEREFORE**, for the reasons set forth in Defendants' Motion and all supporting papers, as well as those set forth herein, Defendants respectfully request that the Court grant their Motion in its entirety and issue a Protective Order quashing the May 7, 2024 Rule 30(b)(6) deposition of Defendant Gree Hong Kong and quashing the May 8, 2024 Rule 30(b)(6) deposition notice of Defendant Gree USA.

Date: May 3, 2024                           Respectfully submitted,

BY: _____
Robert W. F. Beckmann, admitted *pro hac vice*
GORDON REES SCULLY MANSUKHANI, LLP
Attorneys for Defendants
One Battery Park Plaza, 28th Floor
New York, NY 10004
Phone: (212) 453-0744
RBeckmann@grsm.com

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies, that on May 3, 2024, a copy of the foregoing was served via email and/or ECF on the following counsel of record:

Richard D. Gerber, #34384MO
Matt R. Leffler, #62110MO
Matthew M. McArthur, #63068MO
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 621-7755
Facsimile: (314) 884-4463
rgerber@evans-dixon.com
mleffler@evans-dixon.com
mmcarthur@evans-dixon.com


Date: May 3, 2024

                Respectfully submitted,

                BY: _____
                Robert W. F. Beckmann, admitted *pro hac vice*
                GORDON REES SCULLY MANSUKHANI, LLP
                Attorneys for Defendants
                One Battery Park Plaza, 28th Floor
                New York, NY 10004
                Phone: (212) 453-0744
                RBeckmann@grsm.com