## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMANN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:23-cv-00830-SEP |
| ) | |
| GREE USA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Reconsideration, or, Alternatively, 28 U.S.C. § 1292(b) Certification, Doc. [76]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

Madame Dong Mingzhu is the President and Chairwoman Gree Zhuhai. Doc. [61-1] at 4. Plaintiffs served a notice of deposition for Madame Dong and Defendants objected. After a discovery conference with the Court did not resolve the dispute, the Court ordered briefing on an expedited timeline to allow for a ruling before the deposition was scheduled to take place. *See* Doc. [57]. Defendants filed a Motion for a Protective Order Quashing Plaintiffs' February 27, 2024, Deposition Notice of Dong Mingzhu on February 16th. Doc. [61]. Plaintiffs responded in opposition on February 21st. Doc. [64]. Defendants did not reply or seek leave to do so.

On February 26th, the Court issued a short docket text order granting Defendants' motion in part but declining to quash the deposition completely. Doc. [70]. A full memorandum and order explaining the Court's reasoning followed on March 8th. Doc. [72]. On March 19th, Defendants sent an amended deposition notice scheduling the deposition for April 3rd. *See* Doc. [77] at 1. On March 29th—about three business days before the deposition was noticed to occur—Defendants moved the Court to reconsider its March 8th order under Federal Rule of Civil Procedure 60(b). *See* Doc. [76]. Defendants argue that the Court "(1) ignored crucial evidence demonstrating that Dong lacks unique knowledge about the recall delay; and (2) the [sic] erroneously found that her deposition pertains to liability, which improperly bypassed Defendants' arguments that her deposition was cumulative and disproportionate on damages." *See* Doc. [76] ¶ 3. In the alternative, they ask the Court to "certify the issue for interlocutory review under 28 U.S.C. § 1292(b) on the basis that: (1) the Court grossly abused its discretion;

(2) there is significant circuit split on the applicability of the Apex Doctrine; and (3) an immediate appeal will eliminate issues in this litigation and make discovery easier and less costly." *Id.* ¶ 5.

## LEGAL STANDARD

Motions for reconsideration of non-final orders are construed under Federal Rule of Civil Procedure 60(b). See *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure."). Federal Rule of Civil Procedure 60(b) provides:

> GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.' They are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue" and are not "the appropriate place to 'tender new legal theories for the first time.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citations omitted) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "Rule 60(b) 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *Williams*, 891 F.3d at 706 (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)).

Section 1292(b) of Chapter 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

## DISCUSSION

Defendants have not shown that the Court overlooked evidence or made a manifest error of law. And this issue is not appropriate for interlocutory appeal under 28 U.S.C. § 1292(b).

**I.      The Motion for Reconsideration is denied.**

Defendants argue that "[t]he Court overlooked Madame Dong's prior deposition testimony, which undercuts all of the evidence adduced by Plaintiffs and subsequently relied upon by the Court to find that Madame Dong has 'unique knowledge' related to the delay of the recall." Doc. [76-2] at 7. That is incorrect. Defendants did not include Madame Dong's prior deposition testimony with their original motion.

The prior deposition testimony the Court supposedly "overlooked" is from *MJC America Ltd. v. Gree Electric Appliances Inc. of Zhuhai*, 2:13-cv-04264 (C.D. Cal. filed June 13, 2013). As noted in the Court's order, "Defendants chose not to produce those deposition transcripts '[d]ue to the voluminous breadth,' but offered to do so upon the Court's request." Doc. [72] at 3. As the party seeking the protective order, Defendants had to "to show the necessity of its issuance." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). It is not the Court's responsibility to request additional evidence from a party. And if Defendants were concerned about "the voluminous breadth" of Madame Dong's deposition transcripts, they could have provided the relevant experts for the Court's consideration.

In lieu of the transcripts, Defendants' counsel submitted a sworn declaration affirming "that Madame Dong testified as summarized in Defendants' Brief in Support of their Motion." Doc. [61-2] ¶ 13. That short summary stated only that Madame Dong "has no direct knowledge of or involvement in the decision to delay the recall" and that she "did not view any email communications or reports, or participate in any meetings pertaining to Gree's investigation and decision to delay the recall." Doc. [61-1] at 5, 7. In response to those general and conclusory assertions, Plaintiffs provided evidence showing that Madame Dong *was* involved in the recall decision. The Court's order described that evidence in detail. *See* Doc. [72] at 3-5. The briefing was on an expedited timeline, but Defendants did not file a reply or seek leave to do so to rebut the evidence Plaintiffs presented.

The Court could not have "overlooked" evidence it did not have. Madame Dong's prior deposition testimony was available when Defendants filed their original motion, but they chose not to provide it. Motions for reconsideration "are not to be used to 'introduce new evidence that

3

could have been adduced during pendency' of the motion at issue." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Defendants' arguments about a manifest error of law rely in large part on the false assumption that the Court ignored evidence. Defendants use the newly provided deposition testimony to argue that the Court wrongly applied the "Apex Doctrine" because the depositions purportedly show that Madame Dong does not have any unique knowledge about the recall decision. *See* Doc. [76-2] at 7-8. Again, the argument fails because Defendants failed to present that evidence with their original motion.

Defendants also provide new evidence of the burden a deposition would impose on Madame Dong and the Gree entities. *See id.* at 8-10. But in their original motion, "Defendants [did] not provide any specific information about the burden such a deposition would create—no estimate of the hours it would take to prepare, no discussion of the corporate responsibilities Madame Dong would be kept from during the deposition, no explanation of how it would harm the company." Doc. [72] at 6-7. "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quoting *Doe v. Nebraska*, 788 F. Supp. 2d 975, 981 (D. Neb. 2011)). Defendants' original motion failed to make a "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Vallejo*, 903 F.3d at 743 (quoting *Gen. Dynamics Corp.*, 481 F.2d at 1212).

Last, Defendants argue that the Court "erroneously bypassed Defendants Rule 26 arguments by assuming that Dong's deposition relates to liability." Doc. [76-2] at 14. Not so. The Court's order did the following:

(1) It found, based on the evidence presented by the parties, that the so called "Apex Doctrine" did not prohibit Madame Dong's deposition because she had unique knowledge related to the case. *See* Doc. [72] at 3-5.

(2) It found that Defendants failed to provide specific information about the burden a deposition would impose. *Id*. at 6-7.

(3) It distinguished an out-of-circuit district court case, *Avenatti v. Gree USA, Inc.*, 2022 WL 2439999 (S.D. Ind. July 5, 2022), which quashed a deposition notice of Madame Dong. The liability of each defendant in *Avenatti* had been established as a discovery sanction, while

4

liability has not been established against Defendants in this case. *Id.* at 7. And the order explained that the Court was not "aware of the record that was before the *Avenatti* court when it granted the motion to quash Madame Dong's deposition," but in this case "Defendants have failed to make any specific showing of the burden or expense of the deposition." *Id.*

(4) It explained that the Deferred Prosecution Agreement did not make Madame Dong's deposition cumulative, because it "does not directly address Madame Dong's role in the recall decision," and it even "calls into question Defendants' claims that she was completely uninvolved in the decision." *Id.* at 8.

(5) It found that the information Plaintiffs sought from Madame Dong was within the scope of the pleadings because the First Amended Complaint included a claim for punitive damages. *Id.* at 9.

Contrary to Defendants' arguments, the Court's decision was not premised on the assumption that the deposition was relevant to liability. Evidence that supports Plaintiffs' claim for punitive damages is still relevant and discoverable. As explained in the order, the Court found that a deposition would not be cumulative because Plaintiffs provided evidence that Madame Dong had unique information not covered in the evidence already produced—including the Deferred Prosecution Agreement—and Defendants did not provide evidence showing otherwise. The *Avenatti* court reached a different conclusion based on a different record, the details of which are not before the Court. It is not surprising that, in matters of discretion, different courts presented with different records will reach different conclusions.

**II.    The Court declines to certify this issue for interlocutory appeal.**

"Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)). Defendants fail on the first prong.

"A legal question of the type referred to in § 1292(b) contrasts with a 'matter for the discretion of the trial court.'" *White*, 43 F.3d at 377 (quoting *Garner v. Wolfinbarger*, 430 F.2d 1093, 1096-97 (5th Cir. 1970)). A district court's discovery rulings are reviewed for abuse of discretion. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1202 (8th Cir. 2015). And "the

5

federal rules 'confer broad discretion on the district court to decide when a protective order is appropriate and what degree of protection is required.'" *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). The Court will not certify the issue for interlocutory appeal.

## Conclusion

Throughout the Motion for Reconsideration, Defendants argue that allowing Madame Dong to be deposed will be an injustice and set a dangerous precedent that will render apex-type officials subject to unnecessary and harassing depositions. *See* Doc. [76-2] at 1, 11, 13-16. Those claims are overblown and miss the point. To be clear, a high-ranking official cannot be deposed if the information sought is "unreasonably cumulative or duplicative," "can be obtained from some other source that is more convenient, less burdensome, or less expensive," or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 16(b)(2)(C). But Federal Rule of Civil Procedure 26(c) "requires that 'good cause' be shown for a protective order to be issued. The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, *Federal Practice and Procedure* § 2035 at 264-6). The Court's ruling was based on Defendants' failure to make that showing. There is no injustice in holding litigants to their burden and declining to provide "a second bite at the apple." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 936 (8th Cir. 2006).

Madame Dong's deposition has now been delayed for months. The deadline for completing all discovery in this case is November 8, 2024. That gives the parties more than enough time to complete Madame Dong's deposition. Absent truly extraordinary circumstances, Defendants will not be granted an extension of time to complete the deposition.

Accordingly,

**IT IS HEREBY ORDERED** that is Defendants' Motion for Reconsideration, or, Alternatively, 28 U.S.C. § 1292(b) Certification, Doc. [76], is DENIED.

Dated this 26th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6