IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMANN, ANDREW ZERR, LORETTA AMENT, AND LORETTA AMENT, AS PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF KENNETH ANTHONY ZERR, <br><br> Plaintiffs, <br><br> vs. <br><br> GREE USA, INC., et al. <br><br> Defendants. | Case No.: 4:23-CV-00830-SEP <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF 30B6 CORPORATE REPRESENTATIVE DEPOSITION OF GREE ZHUHAI (DOC NO. 149)**

COME NOW Plaintiffs, Brenda Hillmann, Andrew Zerr, Loretta Ament, individually and as the personal representative on behalf of the Estate of Kenneth Zerr (collectively "Plaintiffs"), by and through their undersigned counsel, and for their Memorandum in Support of 30(b)(6) Corporate Representative Deposition of Defendant Gree Electric Appliances, Inc. of Zhuhai ("Gree China") **(Doc No. 149)**, state as follows:

### BACKGROUND

This case arises out of a November 10, 2022 fire that tragically killed Plaintiffs' parents, Kenneth and Phyllis Zerr, while they were at their residence located at 828 Tall Cedar Court in Wentzville, Missouri 63385 ("Subject Fire"). **(Doc. No. 122).** The Subject Fire was caused by a defective and recalled Gree dehumidifier ("SoleusAir Powered by Gree") that was manufactured, sold, and/or distributed by the various defendants ("Subject Dehumidifier").

Part of Plaintiffs punitive damage claim stems around the fact that the Defendants knew that they were designing, manufacturing and selling defective dehumidifiers, yet despite this knowledge, continued to design, manufacture and sell these defective dehumidifiers to consumers throughout the United States.  The Defendants have admitted to this—both in the Deferred Prosecution Agreement ("DPA"), as well as in prior deposition testimony.  **(Doc. No. 122-1, pg. 67 ¶ 49).**

Throughout discovery, Plaintiffs have learned that by no later than September 19, 2012, Defendants were utilizing improper plastics (non-UL-rated fire retardant plastics) and defective and dangerous within their dehumidifiers that they sold throughout the U.S.—one of which was purchased by Brenda Hillmann which failed and caused the fire that killed Mr. and Mrs. Zerr.

On December 19, 2023, Plaintiff Brenda Hillmann provided an affidavit that she purchased the Subject Dehumidifier "new" in March or April of 2013. **(Doc. No. 149-4)**. On August 6, 2024, Mrs. Hillmann testified in her deposition that she purchased the Subject Dehumidifier in March or April of 2013 **(Doc. No. 149-5)**, which was consistent with her December 19, 2023 affidavit.  At 5:40 pm on November 7, 2024, Defendants, for the first time, and one week before the close of discovery[1], produced subpoenaed documentation from Home Depot that appears to imply that the Subject Dehumidifier was purchased by Mrs. Hillmann in May 2011.  One of the documents produced by the Defendants was titled "Purged Customer Order Report" and has a date of September 3, 2024. **(Doc. No. 149-6)**.  Mrs. Hillmann continues to insist that the Subject Dehumidifier was purchased in March or April of 2013.

Based on the recently-produced documentation by Defendants from Home Depot indicating the potential of an earlier date of purchase of the Subject Dehumidifier, Plaintiffs

---

[1] On November 15, 2024, the Court amended the Case Management Order setting the discovery deadline for February 7, 2025.

2

timely and properly sent a narrowly-tailored 30(b)(6) corporate representative deposition notice to Gree China to explore Gree's knowledge of the dehumidifier defects known to them prior to September 19, 2012. **(Doc. No. 149-3)**.  Plaintiffs have reason to believe that in 2010, General Electric ("GE") alerted Gree to a safety problem with using PVC sleeves on the compressor terminals of its dehumidifiers and Gree immediately implemented a design change on its dehumidifiers that it manufactured for GE but not for any of its other brands, including the "SoleusAir" brand that was purchased by Brenda Hillmann.  See **Exhibit A**, which is a portion of a depo transcript from a Gree China corporate representative in another matter. This is especially important because the composition of the PVC sleeve plays a critical role in the failure mechanism for these dehumidifiers which were recalled, including the Subject Dehumidifier.

This 2010 GE-requested design change was further illustrated in MJC's trial brief (one of the defendants to this matter) when they filed suit against the Gree Defendants in the United States District Court for the Central District of California in 2013. **(Doc. No. 149-7)**.  Finally, in the DPA, the Defendants admitted to importing dehumidifiers into the United States with certifications that the dehumidifiers met all UL standards, when in fact they did not:

> **The Gree Companies Imported Their Defective Dehumidifiers With False UL Certifications**
>
> 45. Between 2010 and at least until September 2012, the Gree Companies imported into the United States Gree dehumidifiers with certifications that the dehumidifiers met all UL standards, when in fact the dehumidifiers did not meet UL standards.

**(Doc. No. 122-1, pg. 66 ¶ 45).**

Based on the new information that was provided on November 7th that potentially alters the date of purchase of the Subject Dehumidifier, Defendants have objected and are attempting

to quash this deposition based on the fact that a Gree China corporate representative has already been deposed twice, albeit on completely separate and unrelated topics than are the subject of the deposition notice at issue.  For the reasons stated herein, leave should be granted to permit Plaintiffs the ability to depose a Gree China corporate representative on the issues included in the November 11, 2024 Depo Notice. **(Doc. No. 149-3)**.

## LEGAL ANALYSIS

Under the 1993 amendments, Rule 30 requires that "[a] party must obtain leave of the court, ... if the deponent has already been deposed in the case." Rule 30(a)(2)(A)(ii). Leave must be granted "to the extent consistent with Rule 26(b)(2)."  This Court has held that "a party may conduct a second deposition of a witness if new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced." *Roberts v. General Motors, LLC*, 2016 WL 233243, at *__ (E.D. Mo. Jan. 20, 2016).

Prior to the Home Depot production, there was no need (or time, frankly) for Plaintiffs to question Gree China about the pre-2012 knowledge of the defects within the dehumidifiers. While Plaintiffs have deposed Gree China's corporate reps. on two prior occasions, both depositions required the use of a Mandarin translator, cutting the time for questioning in the depositions by more than half. Additionally, both prior Gree China depositions involved the history of the company/relationships between the Defendants, the research/testing/investigation into the defects within the dehumidifiers, the reasons for delaying the recall and the financial condition of Gree China; the prior depositions did not include any topics with regard to the pre-2012 knowledge of the defects in the dehumidifiers or the communication provided to Gree by GE in 2009/2010.  Notably, these depositions were even more atypical, in that Gree China only

4

produced one single internal email while claiming in the depositions that "they do not use email internally." Since the topics identified in the Nov. 11, 2024 Depo Notice involve new issues that were not previously relevant, and only became relevant with the production of the Home Depot materials, Plaintiffs should be granted leave to depose Gree China again. It would be highly prejudicial to plaintiffs to allow Gree to produce documents that potentially alter the facts of the case just days before discovery closes without allowing any discovery regarding the new information.

## CONCLUSION

Since Plaintiffs' Nov. 11, 2024 30(b)(6) Depo Notice **(Doc. No. 149-3)** contains topics that are now relevant based on the newly-produced documentation (i.e., Gree China's pre-2012 knowledge of the defects within the dehumidifiers), Plaintiffs should be granted leave to depose a Gree China corporate representative again.

Respectfully submitted,

**EVANS & DIXON, L.L.C.**

  /s/ *Matthew M. McArthur*
Richard D. Gerber, #34384MO
Matt R. Leffler, #62110MO
Matthew M. McArthur, #63068MO
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 621-7755
Facsimile: (314) 884-4463
rgerber@evans-dixon.com
mleffler@evans-dixon.com
mmcarthur@evans-dixon.com

5

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies, that on December 6, 2024, a copy of the foregoing was served via ECF or via email on the following counsel of record:

Donald R. Hageman III #75592MO
Robert Beckmann - *pro hac vice*
Kaitlyn Cunningham – *pro hac vice*
Travis Holmes – *pro hac vice*
211 N. Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Facsimile: (314) 338-3076
dhageman@grsm.com
rbeckmann@grsm.com
kcunningham@grsm.com
txholmes@grsm.com
*Attorneys for Defendants*

                                                    */s/ Matthew M. McArthur*

#6495141