IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMANN, ANDREW ZERR, LORETTA AMENT, AND LORETTA AMENT, AS PERSONAL REPRESENTATIVE ON BEHALF OF THE ESTATE OF KENNETH ANTHONY ZERR,<br><br>　　Plaintiffs,<br><br>vs.<br><br>GREE USA, INC., et al.<br><br>　　Defendants. | Case No.: 4:23-CV-00830-SEP<br><br>JURY TRIAL DEMANDED |

## REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR PROTECTIVE ORDER

**COME NOW**, **ALL NAMED DEFENDANTS** by and through undersigned counsel, and for their Reply to Plaintiff's Memorandum (Dkt. 156) state:

1. Despite Plaintiffs previous statements that Rule 30(a)(2)(A)(ii) was inapplicable to Rule 30(b)(6) depositions and that they did not need to seek leave to depose Zhuhai again, Plaintiffs tellingly, without any prior notice to Defendants, now seek leave from the Court.

2. While an additional deposition may be permitted when new information comes to light and/or new documents are produced, this Court has held that the deposition must be "limited to the new information." *Settles v. Livengood*, No. 4:13-CV-662 CEJ, 2015 WL 2089222, at *1 (E.D. Mo. May 4, 2015). Here, The Home Depot records show that Plaintiff purchased the dehumidifier on May 18, 2011. However, Plaintiffs are not seeking to depose Zhuhai on any information contained in these documents. Rather, they intend to go back further in time and explore purported design issues of a different brand of dehumidifier Zhuhai manufactured.

1

3. The only "new" information is the purchase date. As reflected in their pleadings, Plaintiffs cannot dispute that they have been aware of Gree's manufacture and/or design changes of GE-brand dehumidifiers for at least 1.5 years and have possessed hundreds of GE documents since December 5, 2023, including the MJC trial brief and the DPA to which they now cite. Dkt. 156, p. 3, ¶1. Moreover, Plaintiffs' electrical engineering expert opined on the "PVC sleeves" that are a focus of the relevant 30(b)(6) topics in his July 21, 2024 expert report– over three months prior to the purchase documents being produced. Cunningham Aff. ¶ 4, **Ex. "A"**, p. 27.

4. Plaintiffs' claim of insufficient time to depose Zhuhai is misleading, as Plaintiffs never noticed these specific topics for either of the two prior depositions (Dkt. 149-1; Dkt. 149-2). Moreover, Plaintiffs were granted additional time at deposition and Defendants expressed willingness to consider permitting additional time. Cunningham Aff. ¶¶ 5–7, **Ex. "B,"** pp. 4–6; **Ex. "C,"** p. 5; **Ex. "D"**, p. 4. Despite this, now for the first time Plaintiffs claim that they had insufficient time to depose Gree Zhuhai. Accordingly, any argument of insufficient time at prior depositions, now completed nearly half a year ago have been waived.

5. Alleging that Gree had notice from GE of a safety problem with "PVC sleeves" in 2010, Plaintiffs provided a single page of a 300-page deposition of Zhuhai from another case. However, a complete reading of the the detailed inquiry into Gree's knowledge about GE brand dehumidifiers confirms that Defendant was not aware of product-wide defects until years later and did not know why GE had requested design changes. Cunningham Aff. ¶ 8, **Ex. "E"** pp. 202–209.

6. Moreover, this is consistent with GE's testimony and the documentation discussed in Defendants' brief that the first fire they were notified of occurred in June 2011, after Ms. Hillman's purchase, and that there was no corporate awareness of a system problem until years later in 2013 (Dkt. 155-4). Thus, at the end of the day, Plaintiffs are fishing for documents and information with

2

minimal probative value. The cumulative and overburdensome nature of the proposed deposition is punctuated by the fact that Plaintiffs are also seeking documents and materials as well as a deposition from GE. Dkt. 147.

7. Finally, Plaintiffs' claim of prejudice based on timing of production is moot. Defendants consented to Plaintiffs' motion seeking an extension of the discovery deadline (Dkt 146), which the Court granted, extending discovery by 90 days. (Dkt. 148).

8. Accordingly, as Plaintiffs have not met their burden to justify a second deposition of Zhuhai, Defendants respectfully request that, for the reasons stated within Defendants' Memorandum (Dkt. 155), this reply, and all relevant filings, the Court issue a Protective Order quashing Plaintiffs' November 15, 2024 Rule 30(b)(6) deposition of Defendant Gree Zhuhai and for all other relief which this Court finds just, due, and proper.

<u>Dated</u>: December 11, 2024

                                                Respectfully submitted,

BY: _/s/ Kaitlyn Cunningham_____
Kaitlyn N. Cunningham, *pro hac vice*
Robert W.F. Beckmann, *pro hac vice*
GORDON REES SCULLY MANSUKHANI, LLP
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies, that on December 11, 2024, a copy of the foregoing was served via email and/or ECF on the following counsel of record:

Richard D. Gerber, #34384MO
Matt R. Leffler, #62110MO
Matthew M. McArthur, #63068MO
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 621-7755
Facsimile: (314) 884-4463
rgerber@evans-dixon.com
mleffler@evans-dixon.com
mmcarthur@evans-dixon.com

                                                GORDON REES SCULLY MANSUKHANI, LLP

                                                */s/Kaitlyn Cunningham*
                                                Kaitlyn Cunningham