## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMAN, ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Case No. 4:23-cv-00830-SEP |
| | ) |
| GREE USA, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Summary Judgment, Doc. [197].  For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND[1]

On November 10, 2022, Kenneth and Phyllis Zerr perished in a house fire.  Plaintiffs—the Zerrs' children and Kenneth Zerr's estate—allege that the fire was caused by a defective dehumidifier that was manufactured by Defendants.  The Second Amended Complaint, Doc. [122], asserts nine claims under Missouri law:

**Count I**:  Strict Liability against all Defendants.

**Count II**:  Strict Liability - Failure to Warn against all Defendants;

**Count III**:  Breach of Implied Warranty of Merchantability against all Defendants;

**Count IV:**  Product Liability - Negligence against all Defendants;

**Count V:**  Breach of Express Warranty against all Defendants;

**Count VI**:  Violation of Missouri Merchandising Practices Act asserted by Plaintiff Brenda Hillman against all Defendants.

**Count VII:**  Joint Venture Liability against all Defendants.

**Count VIII:**  Civil Conspiracy against all Defendants.

**Count IX:**  Negligence Per Se against all Defendants.

---

[1] The facts in this section are drawn from the parties' respective statements of facts, Docs. [197-3], [229], [250-1], and exhibits to those filings.  The facts are undisputed except as noted.

1

Plaintiffs seek compensatory and punitive damages on all claims.  Defendants move for summary judgment on all claims.  *See* Doc. [197].  The motion is fully briefed and ready for disposition.  *See* Docs. [197-1], [229], [241], [250].

The parties dispute the cause of the fire.  Plaintiffs maintain that the fire was caused by a defective Gree humidifier.  *See* Doc. [250-1] ¶¶ 18-35.  Defendants argue that the cause of the fire is undetermined.  Doc. [197-1] at 6 n.8.  Both rely heavily on expert testimony in support of their factual claims about the fire.

Plaintiff Brenda Hillman claims to have purchased the humidifier from Home Depot in 2013.  Doc. [250-1] ¶¶ 2-4.  Defendants claim she purchased it in 2011.  Doc. [197-3] ¶¶ 12-17, 23.  The dehumidifier was covered by a warranty.  Doc. [197-12] at 9.

Defendants were aware they had sold defective dehumidifiers before the date of the fire.  Doc. [197-3] ¶ 5.  Defendants claim to have first become aware of problems with their dehumidifiers in September 2012.  *Id.*  Plaintiffs argue that a test conducted in November 2010 made Gree aware of the defect.  Doc. [250-1] ¶ 36.

Gree recalled the dehumidifier in 2013.  Docs. [197-3] ¶ 28, [250-1] ¶ 5.  Defendants claim a recall notice was sent to Hillman, Doc. [197-3] ¶¶ 28-31, but Hillman denies receiving it, Doc. [250-1] ¶¶ 6-8.

## LEGAL STANDARD

A court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Material facts are those that "might affect the outcome of the suit under the governing law," and there is a genuine dispute where "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323 (citation omitted).  The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'"  *Farver v.*

2

*McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019) (alteration in original) (quoting *Wingate v. Gage Cnty. Sch. Dist.*, 528 F.3d 1074, 1079 (8th Cir. 2008)).

> A party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." FED. R. CIV. P. 56(e)(2).

## DISCUSSION

Many of the facts underlying this case are contested. When considering whether facts are material and subject to genuine dispute, the Court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Anderson*, 477 U.S. at 255. Applying those principles to the record in this matter, the Court finds that summary judgment is inappropriate.

I.   **Plaintiffs have made a submissible case on causation.**

Defendants claim that "[i]f the Court excludes the opinions of Starr, Truss, and Helmkamp, Plaintiffs cannot meet their burden of establishing . . . (1) the existence of a product defect and (2) causation." Doc. [197-1] at 3-4. As set forth in a separate order, the Court does not exclude the opinions of Starr, Truss, and Helmkamp. *See* Doc. [269]. With those experts, Plaintiffs have met their burden of presenting sufficient evidence to allow a reasonable jury to find in their favor on causation.

II.   **Summary judgment is unwarranted as to punitive damages.**

Defendants argue that Plaintiffs' request for punitive damages should not go to the jury for three reasons: (1) because Plaintiff Hillman purchased the dehumidifier before Defendants discovered the defects in their humidifiers, Doc. [197-1] at 6-8; (2) because the fire occurred nearly a decade after Defendants sent Plaintiff a recall notice, making it a "dissimilar act," *id.* ¶ 18; and (3) because they have already been sufficiently punished for their wrongful conduct, *id.*

3

at 12.  None of those arguments justifies granting Defendants judgment as a matter of law on punitive damages.

Defendants' first argument assumes Defendants' own position on two disputed material facts:  when Gree knew of the defects in its products and when Plaintiff Hillman bought the dehumidifier.  *See, e.g., id.* ¶ 18.  Because the Court may not interpret the factual record in the light most favorable to Defendants on summary judgment—quite the opposite, in fact, *see Scott,* 550 U.S. at 378—Defendants' first argument seems doomed to fail.  Defendants attempt to avoid that fate by arguing that no reasonable juror could credit Ms. Hillman's testimony about purchasing the dehumidifier in 2013 in the face of Home Depot's records indicating that she purchased one in 2011.  *See* Doc. [197-1] ¶¶ 19-22.  There are two problems with that maneuver: It once again invites the Court to exceed its role on summary judgment—this time, by weighing evidence and making credibility determinations.[2]  And it does not solve Defendants' timeline problem.  Even assuming Hillman bought the humidifier in May 2011, it would still not be undisputed that Defendants didn't learn about the defects until after the purchase, because Plaintiffs have produced evidence from which a reasonable juror could infer that Defendants knew about the defect in their humidifiers as early as November 2010.  *See* Doc. [250-1] ¶¶ 42-54 (citing Docs. [250-17], [250-18]; [250-21]); *see also* Doc. [197-18].  Thus, viewing the facts in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, the Court finds that a reasonable juror could find that Defendants knew of the defect that caused the fire before Plaintiff Hillman purchased the humidifier.  Defendants' first argument for summary judgment on the issue of punitive damages fails.

Defendants' second argument—that because the fire occurred nearly a decade after Defendants recalled the humidifier, the fire is a "dissimilar act" for which punitive damages

---

[2] Defendants' argument that Plaintiff Hillman's testimony is insufficient to create a genuine issue of material fact when considered against "[t]he weight of the objective, contemporaneously generated evidence" is unavailing.  Doc. [197-1] ¶ 22.  To begin with, it overreads Eighth Circuit precedent, which does not categorically dismiss affidavits, but rather has found affidavits deficient under certain circumstances.  *See, e.g., El Deeb v. Univ. of Minnesota,* 60 F.3d 423, 430 (8th Cir. 1995) (party's affidavit insufficient because it failed to meet the Federal Rule's requirements for affidavits); *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006) (affidavit regarding party's subjective intent insufficient to prove objective intent); *see also* FED. R. CIV. P. 56(c)(4) (requiring that affidavits "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").  The argument also invites the Court to invade the province of the jury by weighing evidence and assessing witness credibility, which it declines to do.

would be improper—is nowhere developed beyond a single sentence, and therefore the Court finds that Defendants have failed to carry their initial burden of informing the Court of the basis for their entitlement to judgment as a matter of law. *See* Doc. [197-1] ¶ 18 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 323; *Sturgis Motorcycle Rally, Inc. v. Rushmore Photo & Gifts, Inc.*, 908 F.3d 313, 324 (8th Cir. 2018) ("But a litigant may not advert perfunctorily to an argument, hoping that we will do its work for it by developing the argument and putting flesh on its bones.") (citation omitted).[3]

Defendants also argue that they should not be subjected to punitive damages in this lawsuit because they have already been subjected to substantial fines and forfeiture in the criminal context and two Gree executives have been convicted of crimes relating to delaying the recall of Gree humidifiers from 2012 to 2013. Doc. [197-1] ¶ 28. Because Defendants provide not one example of a court—in Missouri or anywhere else—applying such a principle to reduce or strike a punitives award or to keep a jury from considering punitives, the Court cannot find that Defendants have demonstrated entitlement to judgment as a matter of law on that basis. As for Defendants' concern that "any punitive damages awarded . . . would be for the prohibited purpose of compensating Plaintiffs," *id.*, the jury will be instructed on the purpose of punitive damages as opposed to compensatory damages. Defendants provide no reason to suspect that a jury will be peculiarly ill-equipped to follow such instructions in this case.

### III. <u>Summary judgment is not warranted on the failure to warn claim.</u>

Defendants assert that they are entitled to summary judgment on the failure to warn claim because the 2013 recall notified Plaintiff Hillman of the danger. Doc. [197-1] ¶¶ 29-30. In Missouri, to prevail on a failure to warn claim a plaintiff must prove, among other elements, that "the defendant did not give adequate warning of the danger." *Tune v. Synergy Gas Corp.*, 883 S.W.2d 10, 13 (Mo. 1994) (en banc). Defendants argue that Plaintiffs cannot satisfy that requirement because Gree sent Plaintiff Hillman a notice of recall before the fire. Doc. [197-1] ¶¶ 29-30. Plaintiffs disagree, citing Plaintiff Hillman's testimony that she was not aware of the recall until after the fire, Doc. [250-2] at 137-38, and also the testimony of the custodian of

---

[3] Defendants likewise fail to develop or cite any authority for the argument that the Court should "limit any evidence of punitive damages to before Brenda Hillman's purchase date in May 2011." Doc. [197] ¶ 8. Thus, the Court finds that they have failed to carry their initial burden as to that argument as well. *See* FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 323; *Sturgis*, 908 F.3d at 324.

records from the company responsible for mailing the recall notices that their process involved no attempt to verify that the notice was ever received by Plaintiff Hillman, Doc. [250-6] at 18-23.

"A letter duly mailed is attended by the presumption of receipt by the addressee." *Shelter Mut. Ins. Co. v. Flint*, 837 S.W.2d 524 (Mo. Ct. App. 1992) (citing *Miller v. John Hancock Mut. Life Ins. Co.*, 155 S.W.2d 324, 328 (Mo. Ct. App. 1941)). "The presumption is rebuttable, and when proof of proper mailing is adduced, it may be rebutted by evidence it was not, in fact, received. Evidence of non-receipt, however, does not nullify the presumption but leaves the question for the determination of the jury under all of the facts and circumstances of the case." *Ins. Placements, Inc. v. Utica Mut. Ins. Co.*, 917 S.W.2d 592, 595 (Mo. Ct. App. 1996) (internal citation omitted). Construing the record in favor of Plaintiffs and drawing all reasonable inferences in their favor, the Court finds that a reasonable juror could find that Defendants did not provide adequate notice of the danger posed by the humidifier.

## IV.    Summary judgment is unwarranted on the express warranty claim.

Defendants argue that the express warranty claim for breach of express warranty fails because Hillman did not rely on a warranty when purchasing the dehumidifier. Doc. [197-1] ¶¶ 31-32.

> The elements for a breach of express warranty claim are: (1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement of fact was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely fashion.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010) (en banc). Plaintiffs have adduced enough evidence for a reasonable jury to conclude that Plaintiff Hillman purchased a defective Gree dehumidifier, which subsequently caused the fire in which the Zerrs perished. Further, Hillman has presented evidence that would allow a reasonable jury to conclude that the user manual contained a warranty. *See* Doc. [197-12] at 9. Whether Defendants are entitled to summary judgment thus turns on whether Plaintiffs have adduced sufficient evidence for a reasonable juror to find that the warranty "was a material factor inducing the buyer to purchase the goods."

6

In their motion, Defendants cite nothing in support of the alleged absence of genuine dispute as to whether any representation was material to Plaintiff Hillman's decision to purchase the humidifier. In reply, they cite Hillman's statement that she read the user manual "when [they] first got it" as evidence that the warranty contained therein could not have influenced the decision to purchase the dehumidifier. *See* Doc. [241] at 12-13 (citing Doc. [241-4] at 113:9-11). Defendants argue that the statement must mean that Hillman read the user manual *after* she made the purchase. The Court does not share Defendants' confidence in that interpretation. Because a reasonable jury could just as easily infer from the statement that she read the manual "when [they] first got it" that she read it before or contemporaneously with the decision to purchase the dehumidifier, and because the Court is bound on summary judgment to view the facts in the light most favorable to Plaintiffs, the Court finds that Defendants are not entitled to summary judgment on Hillman's express warranty claim.

## V.      Summary judgment is unwarranted on Hillman's civil conspiracy claim.

Finally, Defendants contend that the civil conspiracy claim must be dismissed because it relies on conduct that occurred after the dehumidifier was purchased. Once again, the argument assumes Defendants' own position in the dispute over when Plaintiff Hillman purchased the dehumidifier. Accordingly, the argument fails.

### CONCLUSION

"Evaluation of a summary-judgment motion requires assessing the proffered evidence in the light most favorable to the non-moving party." *Bonomo v. Boeing Co.*, 63 F.4th 736, 745 (8th Cir. 2023). Giving Hillman that benefit, the Court finds that genuinely disputed material facts prevent it from granting Defendants' motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, Doc. [197], is **DENIED** as set forth in this Order.

**IT IS FURTHER ORDERED** that trial in this matter remains set for **June 22, 2026**, at 9:00 a.m., in the courtroom of the undersigned.

**IT IS FURTHER ORDERED** that the parties shall jointly submit jury instructions for the Court's review no later than **May 1, 2026**. The single filing should contain a list of agreed-upon instructions with phrasing disagreements clearly noted, followed by any additional

instructions requested, categorized by requesting party.  Each proposed instruction should include the authorities relied on.

**IT IS FINALLY ORDERED** that the parties must complete alternative dispute resolution no later than **May 15, 2026**.

A separate order referring the case to alternative dispute resolution will issue.

Dated this 16th day of March 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE