**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRENDA HILLMAN, ET AL., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-00830-SEP |
| | ) |
| GREE USA, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion Seeking to Strike the Errata Sheets of Three of Defendant's Experts.  Doc. [171].   Plaintiffs argue that the errata sheets of Defendants' experts Todd Soong, Carlos Fernandez-Pello, and Arrash Hajjam contain material changes to the original deposition testimony, including changes that contradict that testimony, and that they should not be permitted to make such changes after-the-fact.  *See* Doc. [171-1] at 2.  Defendants oppose, arguing that the proposed changes are authorized under Federal Rule of Civil Procedure 30(e). *See* Doc. [179] at 9-11.[1]

Federal Rule of Civil Procedure 30(e) states that, if requested, a deponent must be given 30 days to review the transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."  Circuit courts have split on the question of whether Rule 30(e) allows deponents to make significant substantive changes to their testimony.  *Compare Podell v. Citicorp Diners Club, Inc*., 112 F.3d 98, 103 (2d Cir. 1997) (imposing no limit on changes under Rule 30(e)), *and Pina v. Children's Place*, 740 F.3d 785, 792 (1st Cir. 2014) (same), *with EBC, Inc. v. Clark Bldg. Sys., Inc*., 618 F.3d 253, 276-268 (3d

---

[1] In their reply, Plaintiffs challenge the sufficiency of the witnesses' explanations for the changes.  Doc. [181] at 5.  "As a general rule, courts will not consider arguments raised for the first time in a reply." *Green v. Missouri,* 734 F. Supp. 2d 814, 848 (E.D. Mo. 2010) (citing *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir.2006)), *aff'd sub nom. Green v. Nocciero*, 676 F.3d 748 (8th Cir. 2012).  Even if this argument had been raised properly, it would be unavailing.  Plaintiffs cite persuasive authority holding that "it is not enough for the witness to give general conclusory reasons for all the changes." *Downing v. J.C. Penny, Inc.*, 2012 WL 4358628, at *9 n.4 (E.D. Mich. Sept. 23, 2012) (citing *Norelus v. Denny*, 628 F.3d 1270, 1305 (11th Cir. 2010) (Tjoflat, J., dissenting)).  This addresses situations where a witness provides a general explanation for multiple changes instead of providing a specific explanation for each change. *See Norelus v. Denny*, 628 F.3d 1270, 1305 (11th Cir. 2010) (Tjoflat, J., dissenting).  Any such requirement is met here.  Every change is associated with an explanation that is directed at that specific change. *See* Docs. [171-3], [171-5], [171-7].

1

Cir. 2010) (disallowing certain kinds of changes); *and Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005) (same); *and Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 784 (10th Cir. 2021) (same); *and Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (same); *and Great Lakes Ins. SE v. Wave Cruiser LLC*, 36 F.4th 1346, 1357 n.7 (11th Cir. 2022) (same); *and Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (same).  The Eighth Circuit has not weighed in on the question.  In essence, Plaintiffs urge the Court to adopt one side of the split, and Defendants, the other.

Noting the lack of binding authority, the Court begins with the text of the rule.  *See Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, when we find the terms unambiguous, judicial inquiry is complete." (citation modified)).  As observed by the Second Circuit, "[t]he language of the Rule places no limitations on the type of changes that may be made, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing." *Podell*, 112 F.3d at 103 (citation modified) (quoting *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981)).

While Plaintiffs have cited courts that have imposed limits on what sorts of changes deponents may make under Rule 30(e), none of those analyses has identified a textual basis for such a limitation, nor even any ambiguity in the text that would permit reference to something beyond it.  And most of the prudential considerations cited by those courts are not present in this case.  For example, on close inspection, very few of the proposed changes introduce something genuinely novel or contradictory to the deponents' original testimony, and so the Court is not alarmed by the effect of the errata on Plaintiffs' counsel's right to cross-examine the deponents prior to trial.[2]  *See Ramirez v. Bolster & Jeffries Health Care Grp.*, LLC, 2016 WL 4132294, at

---

[2] For example, all of the objected-to errata for Todd Soong's deposition and most of those for Arrash Hajjam's are clarifications that overlap with other testimony that counsel had ample opportunity to cross-examine.  Notable exceptions are (a) Arrash Hajjam's proposed reversal of his testimony that he had reviewed Plaintiffs' experts reports before drafting his own; and (b) Carlos Fernandez-Pello's "clarification" that he *did* know about buckets within feet of the dehumidifier—despite his testimony to the contrary—but he just did not consider them to be relevant to his analysis.  The Court has no idea what cross-examination might have resulted from Hajjam testifying that he had *not* reviewed Plaintiffs' expert reports before drafting his own, and Plaintiffs provide no insight.  As to Fernandez-Pello, Plaintiffs invite the Court to "imagine what additional cross-examination that would have occurred if he would have

2

*3 (W.D. Ky. Aug. 3, 2016).  And Plaintiffs nowhere explain—nor does the procedural posture of this case any longer permit—how the proposed changes might be used like "sham affidavits" to manufacture a dispute of material fact to defeat summary judgment.  *See, e.g.*, *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1281-82 (10th Cir. 2003).

In short, Plaintiffs provide the Court with no reason not to end the judicial inquiry with the unambiguous terms of the rule.  Defendants' experts may make "*changes* in form *or substance*" to their deposition testimony, provided that they have "sign[ed] a statement listing the changes and the reasons for making them."  FED. R. CIV. P. 30(e) (emphases added).

Like other courts that have so held, the Court stresses that a deponent's errata sheet does not erase his original deposition answers from the record.  *See, e.g.*, *Podell*, 112 F.3d at 103.  Each deponent's original deposition testimony, the changes he made after-the-fact, and the reasons he offered for those changes will be fodder for cross-examination at trial.  *See Lugtig*, 89 F.R.D. at 642.  By choosing not to draw an extratextual line around what changes these deponents may make under Rule 30(e), the Court does not take itself, in the circumstances of this case, to be permitting deponents to whitewash inconvenient testimony or treat a deposition as a "take home examination."  *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992); *see* Doc. [171-1] at 3.  It takes itself to be leaving the task of evaluating each witness's credibility—considering all of the permutations of his or her testimony—in the hands of the jury.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike the Errata Sheets of Three of Defendant's Experts, Doc. [171], is **DENIED**.

Dated this 30th day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

answered as he now attempts to answer," but the Court declines to fill in arguments Plaintiffs chose not to make.  The Court also notes that, although Plaintiffs repeatedly complain that the experts' after-the-fact modifications prevented cross-examination in advance of trial, they nowhere ask for the depositions to be reopened, as parties objecting to errata sheets may and often do.  *See, e.g.*, *Pina*, 740 F.3d at 791-92; *Lugtig*, 89 F.R.D. at 642.  Because the question was not posed here, the Court expresses no opinion on the propriety of such relief in any context.