### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMAN, ET AL., | ) |
| | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 4:23-cv-00830-SEP |
| | ) |
| GREE USA, INC., ET AL., | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Defendants' motion seeking exclusion of Plaintiffs' expert Ryan Troske.  *See* Doc. [199].  For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

In this products liability case, Plaintiffs allege that a defective dehumidifier produced by Defendants caused the fire that killed Kenneth and Phyllis Zerr.  To support their theory that the fire was caused by a defective dehumidifier produced by Gree, Plaintiffs plan to use expert witnesses.  In addition to their retained experts, Plaintiffs plan to introduce the original investigator from the Missouri State Fire Marshals Office, Ryan Troske, to testify as to the origin of the fire.  *See* Doc. [193-7].  He purports to have relied on the National Fire Protection Association's publication *NFPA 921: Guide for Fire and Explosion Investigations* (NFPA 921).[1] Doc. [199-3] at 8-10.  Defendants move to exclude him.

### LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

---

[1] "The NFPA is a nonprofit organization dedicated to fire prevention, and NFPA 921 is a document intended to establish guidelines and recommendations for the safe and systematic investigation or analysis of fire and explosion incidents." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 457 (8th Cir. 2012) (citation modified).

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Under Rule 702, the trial court has gatekeeping responsibility to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  The United States Supreme Court recently amended Rule 702 to "clarify and emphasize" that a "preponderance of the evidence standard" applies to the admissibility of expert testimony.  Fed. R. Evid. 702 advisory committee's note to 2023 amendment.  "[E]xpert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule."  *Id*.

"Proposed testimony must be supported by appropriate validation—*i.e.,* 'good grounds,' based on what is known." *Daubert*, 509 U.S. at 590.  But Rule 702 "is one of admissibility rather than exclusion." *Shuck v. CNH Am.*, LLC, 498 F.3d 868, 874 (8th Cir. 2007).  "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (citation modified). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Olson v. Ford Motor Co.*, 481 F.3d 619, 626 (8th Cir. 2007).

"In the context of fire investigations . . . expert opinions formed on the basis of observations and experience may meet this reliability threshold." *Russell v. Whirlpool Corp.*, 702 F.3d 450, 457 (8th Cir. 2012).  An expert opinion based on the NFPA 921 investigative guidelines for fire investigations meets this reliability threshold if NFPA 921 is applied reliably. *See Fireman's Fund Ins. Co. v. Canon U.S.A., Inc.*, 394 F.3d 1054, 1058 (8th Cir. 2005).  A fire investigator's opinion is admissible if they "observed the relevant evidence, applied their specialized knowledge, and systematically included and excluded possible theories of causation." *Shuck*, 498 F.3d at 875.  The Eighth Circuit has "found reliability in these cases without insisting upon rigid adherence to the *Daubert* factors." *Russell*, 702 F.3d at 457.

**DISCUSSION**

Two principles guide the Court's analysis.  First, disagreement about the underlying facts alone is not a basis for excluding an expert witness:

2

> It will often occur that experts come to different conclusions based on contested sets of facts.  Where that is so, the Rule 104(a) standard does not necessarily require exclusion of either side's experts.  Rather, by deciding the disputed facts, the jury can decide which side's experts to credit.  "[P]roponents 'do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable . . . .  The evidentiary requirement of reliability is lower than the merits standard of correctness.'"

Fed. R. Evid. 702 advisory committee's note to 2023 amendment (quoting advisory committee's note to 2000 amendment).

Second, not every weakness or flaw in an expert's methodology warrants exclusion.  Expert testimony must be helpful, based on sufficient facts or data, and produced by a reliable, and reliably applied, method.  *See* Fed. R. Evid. 702.  But the proponent of expert testimony has to demonstrate those elements only by a preponderance of the evidence, not beyond a reasonable doubt.  *Id.*  Once the standard is met, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert*, 509 U.S. at 596.

Ryan Troske is a "Fire Marshal with the State of Missouri who obtained his fire investigator's certification through the Missouri Department of Fire Safety."  Doc. [210] at 3.  Plaintiffs plan to introduce him to discuss the origin and cause investigation he completed as part of his work for the State of Missouri.  Defendants do not challenge Troske's credentials; they argue that he failed to adhere to NFPA 921, to perform scientific testing, and to consider contrary evidence.

Troske followed the methods prescribed by NFPA 921.  He analyzed witness information, fire patterns, and fire dynamics.  *See* NFPA 921 § 18.1.2; Docs. [199-5] at 4-12, [210-1] at 15-16.  He performed an inspection of the building, observing fire damage levels and patterns.  Doc. [199-5] at 3-9; *see also* NFPA 921 § 6.2.2.3.  He examined the exterior of the house before moving to the interior, starting in areas with the least damage and moving to the areas with the most damage.  *Id*. at 5.  After systematically reviewing every room, he determined that the fire started in the utility room.  *Id.* at 6-11.  He then used burn patterns and relative fire damage to identify the dehumidifier as a potential cause.  *Id.* at 10-11.  Ultimately, he concluded: "Due to the evidence and burn patterns noted above, I was unable to eliminate the dehumidifier as a possible cause of this fire."  *Id.* at 11.  Plaintiffs have shown by preponderance of the

3

evidence that Troske's methods are a reliable application of NFPA 921 and thus they satisfy the Eighth Circuit's standard for reliability in the context of fire investigations.  *See Russell*, 702 F.3d at 457.

Defendants object that Troske failed to consider evidence of alternative ignition sources, including ceiling-level electrical arcing, minimally damaged combustibles, and the results of the second lab exam.  Doc. [199-1] ¶¶ 20, 28, 32.  Troske's consideration of alternative ignition sources complied with NFPA 921.  There is no requirement that a fire investigator evaluate every potential ignition source outside of the identified area of origin.  Rather, NFPA 921 requires that "*[u]nless there is reliable evidence to narrow the origin to a particular portion of the room*, every potential ignition source in the compartment of origin should be given consideration as a possible cause."  NFPA 921 § 18.6.1.1 (2021) (emphasis added).  Troske testifies that, based on the fire patterns he observed, he was able to narrow the area of origin to a particular portion of the room and exclude ignition sources outside of this area.  Doc. [210-1] at 37-38.  While Defendants' experts may disagree with this conclusion, Defendants have not pointed to any failure to consider a hypothesis that is consistent with this finding.  *See* NFPA 921 § 4.3.7 ("A critical question to be answered is, 'Are there any other hypotheses that are consistent with the data?'"  The investigator should document the facts that support the final hypothesis to the exclusion of all other reasonable hypotheses.").

There is also no requirement that Troske must have conducted certain kinds of scientific testing in order for his fire investigation to be considered reliable.  *See also Russell*, 702 F.3d at 457 ("In the context of fire investigations . . . expert opinions formed on the basis of observations and experience may meet this reliability threshold."); *see also* Doc. [269] at 6-7 (addressing a similar objection to experts Truss and Starr).

Plaintiffs have met their burden to show that Troske's opinions are admissible. Defendants' arguments "are better addressed to the jury regarding the weight to be afforded [Troske's] opinion, rather than to the district court on the question of admissibility."  *Russell*, 702 F.3d at 458.  Defendants are free to challenge Troske's opinions through cross-examination and the presentation of contrary evidence.  *See Olson*, 481 F.3d at 626.

Defendants also argue that Troske's testimony should be excluded under Federal Rule of Evidence 403, because its probative value is substantially outweighed by the danger of confusing or misleading the jury.  *See* Doc. [199-1] at 8.  The Court disagrees.  Troske's opinions are

4

probative of critical issues the jury will have to decide, and the Court has seen no evidence that they would pose a significant risk of confusing or misleading the jury.

**CONCLUSION**

Plaintiffs have shown by a preponderance of the evidence that the testimony of expert Ryan Troske satisfies the requirements of Rule 702.  *See Daubert*, 509 U.S. at 592 n.10.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude the Expert Testimony of Ryan Troske, Doc. [199] is **DENIED**.

Dated this 26th day of May, 2026.

 

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE