**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRENDA HILLMANN, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:23-cv-00830-SEP |
| | ) |
| GREE USA, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on non-party Intervenor Armed Forces Insurance's motion requesting relief from the protective order entered in this case for the limited purpose of permitting defense expert Derek Starr, who was retained by Intervenor as an expert in another lawsuit against Defendants, *Armed Forces Insurance a/s/o Randall and Kari Hyer v. Gree USA, Inc.*, No. 2:23-cv-4316 (E.D. Pa.), to use documents he relied upon in this case—which are designated confidential under the protective order—to prepare his expert report and testimony in that case.[1]  Doc. [268].  Defendants oppose the motion. Docs. [277], [284].  For the reasons set forth below, Intervenor's motion is granted.

**DISCUSSION**

"In the Eighth Circuit, a prospective intervenor 'must establish Article III standing in addition to the requirements of Rule 24.'" *Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d 969, 974-75 (8th Cir. 2014) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009)).  Article III standing requires (1) injury, (2) causation, and (3) redressability.  *Metro. St. Louis Sewer Dist.*, 569 F.3d at 833-34.  "A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor."  *Nat'l Parks Conservation Ass'n*, 759 F.3d at 973.  Here, Defendants do not question whether Intervenor has established Article III standing.  Construing the record in favor of Intervenor, the Court finds that Intervenor has established standing.

---

[1] Armed Forces Insurance's motion is substantively similar to a motion filed earlier in the case by intervenors Cynthia Reynolds, Raymond Hopp, Robert and Patricia Hutton, Kurt and Danica Herritz, Robert and Kathy Chinouth, and Linda and Michael Mester, which was granted.  Docs. [174], [208].

1

"[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (citation modified).  Federal Rule of Civil Procedure 24(b) states, in relevant part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *See also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (Rule 24(b) allows third parties "to have their day in court to contest the scope or need for confidentiality.").

Permissive intervention is inherently discretionary.  *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 125 n.36 (D.C. Cir. 1972).  "Rule 24(b) provides that anyone 'may' be permitted to intervene if the requirements of the rule are satisfied, and makes reference to the fact that a court must 'exercis[e] its discretion' when deciding whether to allow intervention." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(b)(1) and (3)).  The Eighth Circuit has advised district courts to err on the side of intervention.  *See Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.").

"Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show:  (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015) (citing *United States v. Union Elec. Co.*, 64 F.3d 1152, 1170 n.9 (8th Cir. 1995)).  "However, when a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits," the Eighth Circuit has held that "an independent basis of jurisdiction is not required," *id.* at 967, and "'there is no reason to require such a strong nexus of fact or law,'" *id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). That said, when parties disagree on a question of confidentiality, "that confidentiality is—in the language of Rule 24(b)(2)—a 'question of law . . . in common'" between the parties and prospective intervenors.  *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000).

Having reviewed the record and the parties' briefs, the Court finds that Intervenor has satisfied Rule 24(b)'s standard for permissive intervention for the limited purpose of

2

seeking relief from the protective order in this case.  The Court also finds that modifying the protecting order as requested would reduce duplicative discovery and is not being requested for purposes of circumventing discovery limitations in other litigation.  *See Beckman*, 966 F.2d at 475-76; *Quinonez-Castellanos v. Performance Contractors Inc.*, 2018 WL 10015527, at *5 (N.D. Iowa Oct. 9, 2018) (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990)).  As such, Intervenor's motion is granted.

This ruling is limited to the documents named in Mr. Starr's expert report in support of his expert opinion regarding the defectiveness of the dehumidifiers.  This ruling does not prevent Defendants from raising objections to the admissibility of such documents in the collateral suit, including but not limited to objections based on relevance, privilege, and timeliness.  If Defendants are concerned that the use of any particular document would violate a norm or rule of another court, the appropriate forum for raising that concern is in that court.

Accordingly,

**IT IS HEREBY ORDERED** that Armed Forces Insurance's Motion for Relief from the Protective Order, Doc. [268], is **GRANTED**, and the protective order is amended to permit Armed Forces Insurance to use any documents disclosed in accordance with this order in *Armed Forces Insurance a/s/o Randall and Kari Hyer v. Gree USA, Inc.*, No. 2:23-cv-4316 (E.D. Pa.), subject to the terms of any protective order in that matter and in accordance with the rulings and orders of the presiding court.

Dated this 11th day of June, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3