UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA HILLMANN, ET AL., | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | )   Case No. 4:23-cv-00830-SEP |
| | ) |
| GREE USA, INC., ET AL., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs' Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds, Docs. [333] *SEALED*, [339], and Plaintiffs' Joint Motion for Leave to File Under Seal Exhibits 1-3, Doc. [334].  For the reasons set forth below, Plaintiffs' Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds is granted and the Motion for Leave to File Under Seal is granted in part.

### BACKGROUND

On May 26, 2023, Plaintiffs Brenda Hillman, Loretta Ament, and Andrew Zerr, filed a wrongful death action in the Circuit Court of St. Charles County, Missouri, against Defendants Gree USA, Inc., Gree Electronic Appliances, Inc. of Zhuhai, Hong Kong Gree Electronic Appliances Sales Co., LTD., MJC America, LTD. d/b/a Soleus International, Inc., and MJC America Holdings Co., Inc. (collectively, "Gree" or "Defendants").  That lawsuit was later removed to federal court.  *See* Doc. [1].  Plaintiffs alleged that a defect in a dehumidifier manufactured by Gree caused a housefire that killed their parents, Kenneth and Phyllis Zerr, and damaged the Zerrs' home and property.  Doc. [10].  The case was set for trial on June 22, 2026, and 27 Missouri citizens were summoned for jury selection that morning, but the parties reached a settlement just before voir dire commenced.  On June 24, 2026, the Court held a hearing on Plaintiffs' motion to approve the wrongful death settlement and heard testimony from Plaintiff Loretta Ament, who expressed Plaintiffs' approval of the total settlement amount and the attorney fee agreement, which awarded their attorneys one-third of the total settlement amount.  *See* Docs. [333] *SEALED*, [336-2] *SEALED*, [339], [339-2].

1

**DISCUSSION**

I.    **Motion to Seal**

There is a common-law right to access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23).  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Under the Court's Local Rules, the proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for the sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D. Mo. L.R. 13.05(A)(4)(a).  The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i).

Good cause exists to seal indefinitely the portions of the Settlement Agreement and Allocation Among Plaintiffs (Exhibits 1 and 3) which could be used to determine the total amount of the settlement.  "[W]hen the substantial benefits of the settlements are balanced against the harm of sealing the documents from public view . . . the interests of justice weigh in favor of . . . allowing [the settlement amount] to remain filed under seal." *Williams v. BPV Mkt. Place Invs., L.L.C.*, 2014 WL 5017934, at *2 (E.D. Mo. Oct. 7, 2014).  Based on the parties' representations, the Court finds that the settlement would not have been achieved if the parties believed that the total amount of the settlement would become public.  The public has an interest in encouraging settlements, which require fewer public resources than litigation.  And Plaintiffs have interests in keeping the amounts they will each be

2

awarded private.  Thus, while the Court acknowledges the public's interest in access to this Court's decision, it finds that the balance of interests in this case favors allowing the parties to keep under seal the total amount of the settlement and any information from which it could be determined.

The other document—the contingency fee agreement between Plaintiffs and their counsel—is not a product of confidential settlement negotiations but does contain some private financial information.  As this Court has consistently held in similar contexts, the public's interest in knowing what proportion of settlements goes to attorneys' fees and costs outweighs any interest the parties might assert in keeping such information private. Courts regularly have to assess the fairness of attorneys' fee arrangements, which would be made considerably more difficult if such apportionments were routinely kept under seal. The parties nowhere claim any special basis for keeping that information confidential in this case, and the confidentiality of such terms is unlikely to have been as critical to the accomplishment of the settlement as the confidentiality of the total settlement amount. Therefore, the Court will not redact from the Memorandum and Order the share of the settlement proceeds, expressed as a percentage, that is apportioned to Plaintiffs' attorneys' fees.  Nor will it redact the details relating to the reimbursement of litigation costs from the settlement.

## II.     Motion for Approval of Wrongful Death Settlement

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080.  Section 537.095 provides, in relevant part, that if multiple parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080."  Mo. Rev. Stat. § 537.095.1.  In addition, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved.  The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."  *Id.* § 537.095.3.  After apportioning damages, the Court is required to order the claimant to do the following:

(1) To collect and receipt for the payment of the judgment;

(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . ;

(3) To acknowledge satisfaction in whole or in part for the judgment and costs;

(4) To distribute the net proceeds as ordered by the court; and

(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution.

*Id.* § 537.095.4.

The Court first considers whether Plaintiffs have diligently attempted to notify all parties having a cause of action under § 537.080. Under § 537.080, the persons with a cause of action for wrongful death are "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or . . . the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1). The Court held a hearing on June 24, 2026, at which Plaintiffs and counsel for both parties were present. At the hearing, Plaintiff Loretta Ament testified that she, her brother Andrew Zerr, and her sister Brenda Hillmann were the only children of her parents, the decedents, and that her grandparents were deceased. Plaintiffs made similar representations to the Court in their filings. Doc. [339] ¶ 4. Accordingly, the Court concludes that all individuals who may have a cause of action under § 537.080 have been provided with adequate notice.

The Court next considers whether to approve the settlement amount. Although § 537.095 requires court approval of a settlement, it "does not identify a standard for 'approval' of the amount of a settlement." *Johnson v. City of Hazelwood*, 2017 WL 492822, at *2 (E.D. Mo. Feb. 7, 2017). Section 537.090 directs the trier of fact to award "such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned" and lists several factors for the trier of fact to consider.[1] *See Johnson*, 2017 WL 492822, at *2; *Long v. Gyrus ACMI, Inc.*, 2021 WL 1985054, at *2 & n.2 (E.D. Mo. May 18, 2021). The Court's assessment of what is "fair and just" in the settlement context should be "informed not only by the actual damages allowable under § 537.090, but also by the likelihood of

---

[1] Mo. Rev. Stat. § 537.090 provides for damages that are "fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of" the class of plaintiffs.

success if the case were to be tried, both on questions of liability and allowable damages." *Johnson*, 2017 WL 492822, at *2.

Plaintiffs, who were zealously represented by counsel, negotiated a settlement with Defendants covering all their claims for the total amount of [\***REDACTED**\*].  Plaintiff Loretta Ament testified at the hearing that she believed that the terms of the settlement are fair and reasonable and in the best interest of the beneficiaries.  Based on Ms. Ament's testimony and the parties' statements on the oral and written record, the Court finds that the settlement is fair and just considering the actual damages allowed under the statute and Plaintiffs' likelihood of success at trial.  *See Long*, 2021 WL 1985054, at *3 (citing *Johnson*, 2017 WL 492822, at *4).

The Court next considers the apportionment of the settlement amount between the class members.  Missouri law requires the Court to apportion the damages "in proportion to the losses suffered by each as determined by the court."  Mo. Rev. Stat. § 537.095.3; *see also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. banc 2019).  Plaintiffs propose that the settlement amount be split equally among the decedents' children (i.e., the Plaintiffs), who, according to Ms. Ament, were all similarly close with their parents.  The Court approves apportionment of the settlement amount as described.

Finally, the Court considers the question of attorneys' fees and expenses.  Generally, the Court is to order payment of attorneys' fees "as contracted" out of the parties' respective settlement proceeds.  Mo. Rev. Stat. § 537.095.4(2); *see also, e.g., Bishop v. Nico Terrace Apartments, LLC*, 2010 WL 2556846, at *4 (E.D. Mo. June 23, 2010).  Here, the fee agreement submitted indicates that Plaintiffs agreed to pay their attorneys a contingent fee of 33 and 1/3 percent of the gross recovery before expenses, and then also to reimburse their attorneys for all expenses incurred out of the settlement proceeds after distribution of attorneys' fees.  The parties' proposed distribution of the settlement proceeds is consistent with that agreement.  Doc. [333-2] *SEALED*.  A one-third share of the gross settlement proceeds is equal to or lower than the contingency fees commonly approved by this Court in wrongful death lawsuits.  *See, e.g., Goldenberg v. St. Luke's Episcopal-Presbyterian Hosps.*, 2024 WL 340738, at *3 (E.D. Mo. Jan. 30, 2024); *Little v. Beauvais Manor Healthcare & Rehab Ctr., LLC*, 2022 WL 2176860, at *4 (E.D. Mo. June 16, 2022); *Long*, 2021 WL 1985054, at *3; *Stage v. John J. Pershing VA Med. Ctr.*, 2019 WL 7578479 at *2 (E.D. Mo. Jan. 18, 2019).

5

This lawsuit has been more vigorously contested than most such cases, involving significant discovery disputes, extensive expert discovery, substantial motion practice, and preparation for a two-week trial.  And Ms. Ament testified to her belief that the fee agreement was fair in light of the efforts undertaken by counsel.  Thus, the Court finds the agreed-upon distribution of fees and expenses to be reasonable.  Plaintiffs' counsel will receive [\***REDACTED**\*] in attorneys' fees, plus case expenses incurred in the amount of $158,478.87.

Accordingly, for the reasons set forth herein and on the oral record,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Approval of Wrongful Death Settlement and Allocation of Proceeds, Doc. [333], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Joint Motion for Leave to File Under Seal Exhibits 1-3, Doc. [334], is **GRANTED IN PART** as described herein.  The Clerk of Court will maintain Docs. [\***REDACTED**\*], as well as the unredacted version of this Order, under seal indefinitely.

**IT IS FURTHER ORDERED** that Plaintiffs' causes of action and all claims for injuries, damages, and losses against Defendant shall be settled for a total amount of [\***REDACTED**\*], inclusive of attorneys' fees and costs.

**IT IS FURTHER ORDERED** that each side is ordered to pay one half of the jury costs (including $1,350.00 in attendance fees, $941.61 for mileage, and $270.00 for parking), in the amount of $1,280.80 per side, payable to the Clerk of Court, no later than Friday, July 24, 2026.  *See* Amended Case Management Order, Doc. [167], at 2.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an acknowledgement of satisfaction with the Court within **ten (10) days** of this Order.

**IT IS FURTHER ORDERED** that attorneys' fees and expenses shall be distributed as provided for in the settlement allocation breakdown, Doc. [336-3] \*SEALED\*.

**IT IS FURTHER ORDERED** that, after the amounts set forth herein have been distributed to all persons owed money pursuant to this order, Plaintiffs shall file a notice with the Court advising that all proceeds have been distributed as ordered.

6

**IT IS FINALLY ORDERED** that, no later than **ten (10) days** after Plaintiffs file such notice, the parties shall file a stipulation of dismissal.  The Court will thereupon issue a separate order of dismissal.

Dated this 15th day of July, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE